IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

SYNGENTA SEEDS, INC. and
SYNGENTA PARTICIPATIONS AG                                      PLAINTIFFS

v.                              Case No. 2:02CV00130GH

PORTER'S SEED CLEANING and
JAY FARMING, INC.                                               DEFENDANTS

## DEFENDANT PORTER SEED CLEANING, INC'S
## REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS'
## MOTION FOR CONTINUANCE

Plaintiffs claim that discovery in this case has been stalled by "Defendants' dilatory preparation," and that "Defendant provides no reasonable support to its contention that Syngenta withholds documents." Defendants' discovery attempts have been plagued by evasive discovery responses, discovery disputes, and destruction of relevant evidence. Plaintiffs' contention that such events are the fault of the Defendants is absurd.

During written discovery, Defendants specifically requested all evidence relating to and supporting Plaintiffs' claims. Plaintiffs produced expert reports, affidavits from their alleged expert, and notes from the investigators who set up the undercover purchases in this case. *See* Exhibit A. Based on Plaintiffs' responses, Defendants believed that there was no other evidence relating to this case.

During the deposition of one of the Plaintiffs' undercover agents, the agent inadvertently disclosed that he had recorded the Defendants and/or their employees on several occasions, before and after this lawsuit had been filed. After a series of questions concerning the undisclosed evidence, Plaintiffs' agent admitted that he had destroyed some of the tapes because they did not help

his case. *Id.* *See* Exhibit B, Zelotis Wofford deposition, 124-126, 165. Plaintiffs' agent also admitted that he had thrown away his notes that he took when he talked to one of the Defendants' employees after this suit was filed. *Id.* at 130, 131, 132, 136. Plaintiffs' agent admitted that he only retained evidence which was helpful to the Plaintiffs' case and destroyed all evidence which did not support Plaintiffs' contentions. *Id.* at 165. Neither the tapes, the notes, nor the fact that they had been destroyed, were disclosed by Plaintiffs' counsel prior to defense counsel discovering this information on their own.

On another occasion, defense counsel learned that Plaintiffs' undercover agents had obtained a document from Larry Porter's trash can. *See* Exhibit B at 98. This document was also not disclosed in response to the Defendants' discovery requests, but was discovered through careful questioning at deposition. *Id.* at 93-98. Once Plaintiffs' counsel realized that the non-disclosure of the document had been recorded into a deposition transcript, they produced the document. *Id.* at 96.

In response to the Defendants' Requests for Admissions, the Plaintiffs denied that it had "provided no prior warning to either Defendant concerning potential violations of the Plant Variety Protection Act, Lanham Act, or any other allegations in [Plaintiffs'] Complaint, prior to filing [Plaintiffs'] Complaint." *See* Exhibit C, Response to Request for Admission No. 1. During deposition, however, Plaintiffs' 30(b)(6) corporate representative, Phil Farmer, admitted that Plaintiffs had never provided such warnings to Porter. *See* Exhibit D at 101.

As another example, Defendants specifically requested that Plaintiffs provide all training manuals concerning their undercover agents. Plaintiffs responded that they did not have any documents that were responsive to the Defendants' request. *See* Exhibit E, Response to Request for Production No. 2. In response to Defendants' request for "all training material, documents, or

anything else provided by you or your representatives to your investigative agents," the Plaintiffs responded:

> Syngenta states that no formal training materials or manuals were give to the investigators.

*Id.* at Response to Request for Production No. 2. During a deposition, Plaintiffs' undercover agent, however, admitted that he had received such training documents. *See* Exhibit B at 40-44. After being threatened with a motion to compel, Plaintiffs' counsel produced the documents, which included documents authored by Plaintiffs' counsel. Plaintiffs' claim that there is "no reasonable support to [the] contention that Syngenta withholds documents," is not only incorrect, it is disingenuous.

Plaintiffs argue that because the defense has not disclosed an expert, Plaintiffs do not have to produce evidence which either supports or refutes their own expert's testimony. Plaintiffs' contention is without merit or legal support. Moreover, Plaintiffs failed to comply with the Court's Order concerning the deadline for disclosing experts. Yet, Plaintiffs would not agree to allow Defendants to disclose an expert once Plaintiffs' experts had been deposed. Plaintiffs' position that it should not be subject to the Court's Scheduling Order, but that the Defendants should be, has no legal or logical basis.

Plaintiffs' claim that their expert's failure to appear at three depositions is the Defendants' fault because the Defendants did not subpoena Plaintiffs' expert. Plaintiffs' counsel overlooks that they agreed to voluntarily produce Linda Durig without a subpoena. After failing to appear on the third occasion, Plaintiffs' counsel informed defense counsel that they would need to issue a subpoena in order to depose Linda Durig. A week later, Plaintiffs changed their position, stated that a

subpoena would not be necessary, and agreed to voluntarily produce Linda Durig for deposition a fourth time. *See* Exhibit F.

In their Response to the Motion for Continuance, Plaintiffs claim that they are surprised their ex parte communication with Larry Porter was brought before the Court. Plaintiffs argue that Larry Porter had full knowledge that Mr. Nolan was an attorney for Syngenta and that Porter should have known better than to speak to Mr. Nolan. It is Plaintiffs' counsel, however, who is bound by the Model Rules of Professional Conduct. Moreover, a party cannot waive the prohibition against ex parte communications. *See* Howard W. Brill, Arkansas Professional Judicial Ethics (4th ed. 1997) at 149. Plaintiffs' counsel should have never approached Mr. Porter and should have never discussed this case outside of the presence of defense counsel. *See* Arkansas Rule of Professional Conduct 4.2. After creating this precarious situation, Plaintiffs refuse to answer written discovery concerning it. Defense counsel will eventually pursue Mr. Nolan's deposition; however, it should not be forced to do so if this same information can be gained through written discovery.

For these reasons and for the reasons stated in Defendants' Brief in Support of Joint Motion for Continuance, the Court should grant Defendants' motion.

Respectfully submitted,

James M. Simpson (#77125)
Joseph P. McKay (#99006)
FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol, Suite 2000
Little Rock, Arkansas 72201-3493
(501) 376-2011

By: _____
JOSEPH P. MCKAY #99006

and

Russell D. Berry
Bradley A. Chambless
The Berry Law Firm
Post Office Box 381
DeWitt, Arkansas 72042

Attorneys for Porter Seed Cleaning, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on the following counsel of record by placing a copy of same in the United States mail, properly addressed and postage pre-paid this 9th day of April, 2004:

C.D. "Duff" Nolan, Jr., Esq.
Nolan Henry, PLLC
Attorneys at Law
411 South Main Street
Post Office Box 68
Stuttgart, Arkansas 72160

Mark Murphey Henry, Esq.
Nolan Henry, PLLC
Attorneys at Law
204 South East Avenue
Fayetteville, Arkansas 72701

Russell D. Berry, Esq.
Bradley A. Chambless, Esq.
The Berry Law Firm
Post Office Box 381
DeWitt, Arkansas 72042

Douglas M. Carson, Esq.
Daily & Woods, PLLC
Attorneys at Law
Post Office Box 1446
Fort Smith, Arkansas 72902

_____
JOSEPH P. MCKAY

UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

# Exhibits Attached to Original Document in Courts's Case File